UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |
|---|---|
| **Competitive Access Systems, Inc.**, <br><br> Plaintiff, <br><br> - vs. - <br><br> **Oracle Corporation** and **Oracle America, Inc.**, <br><br> Defendants. | Civil Action No. 2:22-cv-287 <br><br> **Jury Trial Demanded** |

### COMPLAINT FOR PATENT INFRINGEMENT

Competitive Access Systems, Inc. ("CAS") hereby brings this action for patent infringement against Oracle Corporation and Oracle America, Inc. (together "Oracle").

CAS alleges infringement of U.S. Patent No. 8,228,801, entitled "Broadband Communications Device" (the '801 patent), U.S. Patent No. 9,350,649, entitled "Multipath Communication Devices and Methods" (the '649 patent), and U.S. Patent No 10,868,908, entitled "Devices and Methods for Multipath Communications" (the '908 patent), at least by reason of Defendants' sale and servicing of the Oracle MPTCP Products and Oracle SD-WAN Products.

True and correct copies of the '801, '649, and '908 patents (together "Patents-in-Suit" or "Asserted Patents") are attached as Exhibits A, B, and C, respectively.

### The Parties

1. Plaintiff Competitive Access Systems, Inc. is a Texas corporation with its principal place of business at 3019 Charles Drive, Wylie, Texas 75098. CAS is a technology and products development company. CAS is located in this judicial district and has

been for years. CAS was founded by Eric Delangis, the sole named inventor of the Asserted Patents. Mr. Delangis also lives in this judicial district.

2. Defendant Oracle Corporation is a Delaware corporation with regular and established places of business in this judicial district, located at 7460 Warren Parkway, Frisco, Texas 75034 and at 7164 Technology Drive, Frisco, Texas 75034. On information and belief, Oracle Corporation is the creator, developer, seller, and servicer of Oracle Linux and Oracle SD-WAN products.

3. Defendant Oracle America, Inc. is a Delaware corporation with a regular and established place of business in this judicial district, located at 7460 Warren Parkway, Frisco, Texas 75034 and at 7164 Technology Drive, Frisco, Texas 75034. On information and belief, Oracle America, Inc. (formerly known as Sun Microsystems and acquired in 2010 by Oracle Corporation) is an agent of Oracle Corporation, is under the control of Oracle Corporation, and has been granted authority to act on Oracle Corporation's behalf. On information and belief, Oracle America, Inc. is the creator, developer, seller, and servicer of Oracle Solaris.

## Jurisdiction and Venue

4. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Oracle is subject to this Court's specific and general personal jurisdiction, pursuant to constitutional due process and the Texas Long-Arm Statute, due at least to their extensive business in this District, including their infringement alleged herein. Oracle's principal place of business, its headquarters, is in Austin, Texas. Also, on infor-

mation and belief, Oracle, directly or through subsidiaries or intermediaries, ships, distributes, makes, uses, offers for sale, sells, imports, and/or advertises its products and services in the United States and in this District.

6. On information and belief, Oracle, directly and through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that those products will be purchased and used by customers or consumers in this District, including the Oracle MPTCP Products and Oracle SD-WAN Products. On information and belief, Oracle has customers in Texas and this district that have purchased and used infringing Oracle MPTCP Products and Oracle SD-WAN Products. Oracle therefore has committed acts of infringement within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Oracle would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).

8. For years, Oracle has maintained a regional field office in Frisco, Texas. Oracle removed the Frisco office from its listing of Field Offices on its webpage. But it was listed as recently as June 28, 2022. *See* June 28, 2022, capture of Oracle United States Field Office webpage, available at https://web.archive.org/web/20220628184410/https://www.oracle.com/corporate/contact/field-offices.html (last accessed July 26, 2022).

| Texas | | |
|---|---|---|
| **World Headquarters** | **Frisco** | **San Antonio** |
| 2300 Oracle Way | 7460 Warren Parkway | 613 NW Loop 410 |
| Austin, TX 78741 | Suite 300 | Suite 1000 |
| Phone: +1.737.867.1000 | Frisco, TX 75034 | San Antonio, TX 78216-5507 |
| | Phone: +1.972.963.2300 | Phone: +1.210.536.9200 |
| | Fax: +1.972.963.2301 | Fax: +1.210.541.0598 |

And Oracle also continues to actively advertise for job openings at its Frisco office, including postings as recent as July 18, 2022. *See* Oracle Job Search, available at https://eeho.fa.us2.oraclecloud.com/hcmUI/CandidateExperience/en/sites/CX_1/requisitions/preview/174061/?keyword=texas&location=United+States&locationId=300000000149325&locationLevel=country (last accessed July 26, 2022); *see also* https://www.linkedin.com/jobs/search/?currentJobId=3167415611&keywords=oracle%20frisco; https://www.linkedin.com/jobs/search/?keywords=oracle%20frisco&origin=BLENDED_SEARCH_RESULT_CARD_NAVIGATION&currentJobId=3153688404; https://www.linkedin.com/jobs/search/?currentJobId=3141988447&keywords=oracle%20frisco; https://www.linkedin.com/jobs/search/?currentJobId=3139070817&keywords=oracle%20frisco. On information and belief, there are Oracle employees that continue to work in Frisco, Texas. On information and belief, Oracle continues to operate a regular and established place of business in Frisco, Texas, despite removing it from their website. Oracle also provides service to customers in Carrollton, Texas, within this judicial district, and, on information and belief, maintains a regular and established place of business from which its employees provide that service. *See* Oracle Service Locations, available at https://www.oracle.com/us/support/library/service-locations-073430.pdf (last accessed July 26, 2022).

9. Oracle also acquired Federos LLC, a leading provider of cloud-enabled, AI-optimized network assurance, analytics, and automation software, on December 23, 2021. Oracle Communications Blog, Oracle Acquires Federos: Empowering service providers with AI-optimized service and network assurance, analytics, and automated orchestration, available at https://blogs.oracle.com/oracle-communications/post/oracle-acquires-federos (last accessed July 26, 2022). Federos is being "incorporated into Oracle Communications' Service and Network Orchestration portfolio." *Id.*; *see also* https://www.linkedin.com/company/federosllc/posts/?feedView=all (post stating "Federos is now a part of Oracle and we will soon post exclusively via Oracle Communications, please follow us there"). Federos' website now forwards to Oracle's Unified Assurance webpage. *See* federos.com (last accessed July 26, 2022).

10. Federos is based in Frisco, Texas, with a principal office located at 7164 Technology Drive, Frisco, Texas 75033. After the acquisition, that office has served as a regular and established place of business of Oracle.

11. Oracle also has committed acts of infringement in this judicial district. Specifically, the offers for sale, servicing, and use of infringing Oracle MPTCP Products and Oracle SD-WAN Products. For example, DATA, Inc., which maintains an office in Plano, Texas in this judicial district, is an Oracle Linux customer. *See* https://enlyft.com/tech/products/oracle-linux; https://datainc.biz/about-us/locations/.

| Who uses Oracle Linux? | | | | |
|---|---|---|---|---|
| Some of the companies that use Oracle Linux include: | | | | |
| Company | Website | Country | Revenue | Company Size |
| Univera, Inc. | univera.com | United States | 1M-10M | 10-50 |
| DATA Inc. | datainc.biz | United States | 100M-200M | 500-1000 |
| Lorven Technologies | lorventech.com | United States | 10M-50M | 50-200 |
| CONFIDENTIAL RECORDS, INC. | confidentialrecordsinc.com | United States | 0M-1M | 1-10 |

On information and belief, Oracle also has sold and serviced infringing SD-WAN products to customers in this judicial district.

## The Patents-in-Suit

### A.     The '801 Patent

12.     U.S. Patent No. 8,228,801 (the '801 patent), entitled "Broadband Communications Device," was duly and legally issued on July 24, 2012 by the U.S. Patent and Trademark Office. The underlying application, U.S. Patent Application No. 12/581,852, was filed on October 19, 2009. It claims priority to U.S. Patent Application No. 10/686,375, filed October 14, 2003, and U.S. Provisional Patent Application Ser. No. 60/418,521, filed October 15, 2002. A true and correct copy of the '801 patent is attached as Exhibit A and incorporated by reference.

13.     The '801 patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

14.     The '801 patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

15.     CAS is the assignee of all right, title, and interest in the '801 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '801 patent. Accordingly, CAS possesses the exclusive right and has standing to prosecute the present action for infringement of the '801 patent by Oracle.

### B. The '649 Patent

16. U.S. Patent No. 9,350,649 (the '649 patent), entitled "Multipath Communication Devices and Methods," was duly and legally issued on May 24, 2016 by the U.S. Patent and Trademark Office. The underlying application, U.S. Patent Application No. 14/512,414, was filed on October 11, 2014. It claims priority to U.S. Patent Application No. 13/531,294, filed June 22, 2012, U.S. Patent Application No. 12/581,825, filed October 19, 2009, U.S. Patent Application No. 10/686,375, filed October 14, 2003, and U.S. Provisional Patent Application Ser. No. 60/418,521, filed October 15, 2002. A true and correct copy of the '649 patent is attached as Exhibit B and incorporated by reference.

17. The '649 patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

18. The '649 patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

19. CAS is the assignee of all right, title, and interest in the '649 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '649 patent. Accordingly, CAS possesses the exclusive right and has standing to prosecute the present action for infringement of the '649 patent by Oracle.

### C. The '908 Patent

20. U.S. Patent No. 10,868,908 (the '908 patent), entitled "Devices and Methods for Multipath Communications," was duly and legally issued on December 15, 2020 by the U.S. Patent and Trademark Office. The underlying application, U.S. Patent Application No. 15/161,787, was filed on May 23, 2016. It claims priority to U.S. Patent Application No. 14/512,414, filed October 11, 2014, U.S. Patent Application No. 13/531,294,

filed June 22, 2012, U.S. Patent Application No. 12/581,825, filed October 19, 2009, U.S. Patent Application No. 10/686,375, filed October 14, 2003, and U.S. Provisional Patent Application Ser. No. 60/418,521, filed October 15, 2002. A true and correct copy of the '908 patent is attached as Exhibit C and incorporated by reference.

21.     The '908 patent is directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101.

22.     The '908 patent is valid and enforceable, and presumed as such, pursuant to 35 U.S.C. § 282.

23.     CAS is the assignee of all right, title, and interest in the '908 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '908 patent. Accordingly, CAS possesses the exclusive right and has standing to prosecute the present action for infringement of the '908 patent by Oracle.

## CAS's History of Innovation

24.     CAS was founded by Eric Delangis to support the development of his patented router technologies. While living in rural Colorado, Mr. Delangis was unable to obtain high speed internet. Rather than settle for slow dial-up internet, Mr. Delangis attempted to find a commercial solution for pooling multiple internet connections. When he was unable to locate any solutions to his problem, Mr. Delangis invented innovative router technology to route data over several internet connections, including DSL, ISDN, dial-up, and wireless connections, and combine the received data for the intended receiving device. In particular, Mr. Delangis developed a variety of systems and protocols for transmitting and receiving data in a faster and more efficient manner by transmitting data over multiple communication channels and aggregating the transmitted data

to improve the effective bandwidth between the sender and recipient of the data. The usage of multiple communication channels further provides enhanced reliability as data can be transmitted even when some of the communication channels are suffering reduced performance or are unavailable. This improves the functionality of the computer networks themselves, particularly as compared to the solutions available at the time Mr. Delangis invented his router technology. Mr. Delangis's solution is necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks.

25. The Patents-in-Suit are the result of years of research and development in networking technology by Mr. Delangis. These innovations have enabled Oracle to provide enhanced and expanded products and services to its customers, which in turn has increased revenues for Oracle.

## Allegations of Patent Infringement

26. Oracle makes, uses, sells, offers for sale, and services certain software products, including its Oracle MPTCP Products and Oracle SD-WAN Products (together the "Accused Products"). The Oracle MPTCP Products include Oracle Solaris, Oracle Linux 8.3, Oracle Linux 8.4, Oracle Linux 8.5, Oracle Linux 8.6, Oracle Linux 9, and products that operate in a similar manner. The Oracle SD-WAN Products include the Oracle Talari Appliances, including the Talari E50 Appliance, Talari E100 Appliance, Talari D2000 Appliance, Talari D6000 Appliance, Talari T5000 Appliance, and devices that operate in a similar manner, Oracle SD-WAN Virtual Appliances, Oracle SD-WAN Edge, Oracle SD-WAN Aware, Oracle SD-WAN Orchestration Cloud Service, Oracle SD-WAN, and devices that operate in a similar manner. Identification of the Accused Products will be supplemented as needed in Plaintiff's infringement contentions pursuant to

the Court's scheduling order and local rules. The Accused Products directly and indirectly infringe, literally or under the doctrine of equivalents, one or more claims of each of the Patents-in-Suit.

27. CAS has, to the extent required, complied with the marking statute, 35 U.S.C. § 287.

28. As set forth below, the Accused Products incorporate, without any license or permission from CAS, technology protected by the Patents-in-Suit.

### Count 1: Infringement of U.S. Patent No. 8,228,801

29. CAS incorporates by reference and realleges each and every allegation of Paragraphs 1 through 28 as if set forth herein.

30. CAS owns all substantial rights, interest, and title in and to the '801 Patent, including the sole and exclusive right to prosecute this action and enforce the '801 Patent against infringers, and to collect damages for all relevant times.

31. Without a license or permission from CAS, Oracle has infringed and will continue to infringe one or more claims of the '801 patent, directly or indirectly, by making, having made, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271.

32. Oracle enables and induces its customers to infringe one or more claims of the '801 patent by providing documentation and support services to its customers which direct its customers to directly infringe one or more claims of the '801 patent. Oracle aids, instructs, supports and otherwise acts with the intent to cause an end user to use the Accused Products in a manner that infringes one or more claims of the '801 patent. Oracle has had knowledge of the '801 patent at least since the filing of this complaint.

33. Oracle's infringement is willful, at least beginning with the filing of this complaint.

34. Oracle's acts of infringement of the '801 patent have caused and will continue to cause CAS damages for which CAS is entitled compensation pursuant to 35 U.S.C. § 284, in the form of lost profits, a reasonable royalty, or some other method to be proved at trial.

35. On information and belief, Oracle has directly and indirectly infringed one or more claims of the '801 patent under 35 U.S.C. § 271(a) in the Eastern District of Texas, the State of Texas, and elsewhere in the United States, by at least making, using, testing, selling, offering for sale, and servicing the Oracle MPTCP Products that satisfy every limitation of at least claim 1 of the '801 patent. If any limitation of claim 1 is not practiced in a literal sense, then that limitation is present under the doctrine of equivalents.

36. Exemplary claim charts detailing representative infringement by the Oracle MPTCP Products of claim 1 of the '801 patent are attached as Exhibit D.

37. On information and belief, Oracle has directly and indirectly infringed one or more claims of the '801 patent under 35 U.S.C. § 271(a) in the Eastern District of Texas, the State of Texas, and elsewhere in the United States, by at least making, using, testing, selling, offering for sale, and servicing the Oracle SD-WAN Products that satisfy every limitation of at least claim 10 of the '801 patent. If any limitation of claim 10 is not practiced in a literal sense, then that limitation is present under the doctrine of equivalents.

38. Exemplary claim charts detailing representative infringement by the Oracle SD-WAN Products of claim 10 of the '801 patent are attached as Exhibit E.

## Count 2: Infringement of U.S. Patent No. 9,350,649

39. CAS incorporates by reference and realleges each and every allegation of Paragraphs 1 through 38 as if set forth herein.

40. CAS owns all substantial rights, interest, and title in and to the '649 Patent, including the sole and exclusive right to prosecute this action and enforce the '649 Patent against infringers, and to collect damages for all relevant times.

41. Without a license or permission from CAS, Oracle has infringed and will continue to infringe one or more claims of the '649 patent, directly or indirectly, by making, having made, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271.

42. Oracle enables and induces its customers to infringe one or more claims of the '649 patent by providing documentation and support services to its customers which direct its customers to directly infringe one or more claims of the '649 patent. Oracle aids, instructs, supports and otherwise acts with the intent to cause an end user to use the Accused Products in a manner that infringes one or more claims of the '649 patent. Oracle has had knowledge of the '649 patent at least since the filing of this complaint.

43. Oracle's infringement is willful, at least beginning with the filing of this complaint.

44. Oracle's acts of infringement of the '649 patent have caused and will continue to cause CAS damages for which CAS is entitled compensation pursuant to 35 U.S.C. § 284.

45. On information and belief, Oracle has directly and indirectly infringed one or more claims of the '649 patent in the Eastern District of Texas, the State of Texas, and elsewhere in the United States, by at least making, using, testing, selling, offering for

sale, and servicing the Oracle MPTCP Products that satisfy every limitation of at least claim 7 of the '649 patent. If any limitation of claim 7 is not practiced in a literal sense, then that limitation is present under the doctrine of equivalents.

46. Attached as Exhibit F are exemplary claim charts detailing representative infringement of claim 7 of the '649 patent.

47. On information and belief, Oracle has directly and indirectly infringed one or more claims of the '649 patent in the Eastern District of Texas, the State of Texas, and elsewhere in the United States, by at least making, using, testing, selling, offering for sale, and servicing the Oracle SD-WAN Products that satisfy every limitation of at least claim 1 of the '649 patent. If any limitation of claim 1 is not practiced in a literal sense, then that limitation is present under the doctrine of equivalents.

48. Attached as Exhibit G are exemplary claim charts detailing representative infringement of claim 1 of the '649 patent.

### Count 3: Infringement of U.S. Patent No. 10,868,908

49. CAS incorporates by reference and realleges each and every allegation of Paragraphs 1 through 48 as if set forth herein.

50. CAS owns all substantial rights, interest, and title in and to the '908 Patent, including the sole and exclusive right to prosecute this action and enforce the '908 Patent against infringers, and to collect damages for all relevant times.

51. Without a license or permission from CAS, Oracle has infringed and will continue to infringe one or more claims of the '908 patent, directly or indirectly, by making, having made, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271.

52. Oracle enables and induces its customers to infringe one or more claims of the '908 patent by providing documentation and support services to its customers which direct its customers to directly infringe one or more claims of the '908 patent. Oracle aids, instructs, supports and otherwise acts with the intent to cause an end user to use the Accused Products in a manner that infringes one or more claims of the '908 patent. Oracle has had knowledge of the '908 patent at least since the filing of this complaint.

53. Oracle's infringement is willful, at least beginning with the filing of this complaint.

54. Oracle's acts of infringement of the '908 patent have caused and will continue to cause CAS damages for which CAS is entitled compensation pursuant to 35 U.S.C. § 284.

55. On information and belief, Oracle has directly and indirectly infringed one or more claims of the '908 patent in the Eastern District of Texas, the State of Texas, and elsewhere in the United States, by at least making, using, testing, selling, offering for sale, and servicing the Oracle MPTCP Products that satisfy every limitation of at least claim 1 of the '908 patent. If any limitation of claim 1 is not practiced in a literal sense, then that limitation is present under the doctrine of equivalents.

56. Exemplary claim charts detailing representative infringement of claim 1 of the '908 patent are attached as Exhibit H.

57. On information and belief, Oracle has directly and indirectly infringed one or more claims of the '908 patent in the Eastern District of Texas, the State of Texas, and elsewhere in the United States, by at least making, using, testing, selling, offering for sale, and servicing the Oracle SD-WAN Products that satisfy every limitation of at

least claim 13 of the '908 patent. If any limitation of claim 13 is not practiced in a literal sense, then that limitation is present under the doctrine of equivalents.

58. Exemplary claim charts detailing representative infringement of claim 13 of the '908 patent are attached as Exhibit I.

## Jury Demand

59. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CAS respectfully requests a trial by jury of any issues so triable by right.

## Prayer for Relief

Wherefore, CAS requests judgment against Oracle Corporation and Oracle America, Inc. as follows:

A. Adjudging that Oracle Corporation and Oracle America, Inc. have directly infringed the '801 patent, in violation of 35 U.S.C. § 271(a);

B. Adjudging that Oracle Corporation and Oracle America, Inc. have directly infringed the '649 patent, in violation of 35 U.S.C. § 271(a);

C. Adjudging that Oracle Corporation and Oracle America, Inc. have directly infringed the '908 patent, in violation of 35 U.S.C. § 271(a);

D. Adjudging that Oracle Corporation and Oracle America, Inc. have indirectly infringed the Patents-in-Suit by inducing its customer's direct infringement of the Patents-in-Suit and hold Oracle Corporation and Oracle America, Inc. liable for such infringement;

E. Ordering Oracle Corporation and Oracle America, Inc. to account for and pay damages adequate to compensate CAS for Oracle Corporation's and Oracle America, Inc.'s infringement of the '801 patent, '649 patent, and the '908 patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

F. Ordering an accounting by Oracle Corporation and Oracle America, Inc. for any infringing activity not presented at trial and an award by the court of additional damages for any such infringing activity to CAS;

G. Ordering that the damages award by increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

H. Declaring this case exceptional and ordering Oracle Corporation and Oracle America, Inc. to pay the cost of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

I. Awarding such other and further relief as this Court deems just and proper.

Dated: July 27, 2022

                    Respectfully submitted,

                    <u>/s/ James A. Shimota by permission Wesley Hill</u>
                    James A. Shimota – Lead Attorney (*p.h.v.* to be filed)
                    Patrick D. Richards (*p.h.v.* to be filed)
                    K&L GATES LLP
                    70 WEST Madison Street, Suite 3300
                    Chicago, Illinois 60602
                    Telephone: (312) 372-1121
                    Fax: (312) 827-8000
                    jim.shimota@klgates.com
                    patrick.richards@klgates.com

                    Nicholas F. Lenning (*p.h.v.* to be filed)
                    K&L GATES LLP
                    925 Fourth Avenue, Suite 2900
                    Seattle, Washington 98104
                    Telephone: (206) 370-6685
                    Fax: (206) 370-6006
                    nicholas.lenning@klgates.com

                    Wesley Hill
                    Texas Bar No. 24032294
                    E-mail: wh@wsfirm.com

Claire Abernathy Henry
TX State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
Texas Bar No. 24078488
E-mail: andrea@wsfirm.com
Ward, Smith & Hill, PLLC
1507 Bill Owens Parkway
P.O. Box 1231
Longview, Texas 75606
Telephone: (903) 757-6400
Fax: (903) 757-2323

*Counsel for Plaintiff*
*Competitive Access Systems, Inc.*