**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| COMPETITIVE ACCESS SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ORACLE CORPORATION AND ORACLE AMERICA, INC., <br><br> Defendants. | Civil Action No. 2:22-CV-287-JRG-RSP <br><br> JURY TRIAL DEMANDED |

## DEFENDANTS ORACLE CORPORATION AND ORACLE AMERICA, INC.'S MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT

## TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................................1

II.    BACKGROUND ..................................................................................................2

    A.    Procedural History .................................................................................2

    B.    Relevant Facts .......................................................................................3

III.   LEGAL STANDARD...........................................................................................4

IV.   ARGUMENT .......................................................................................................5

    A.    This case could have been brought in the Northern District of California. ............5

    B.    The cost of attendance for willing witnesses heavily favors transfer. ....................6

    C.    The availability of compulsory process to secure the attendance of witnesses heavily favors transfer...........................................................11

    D.    The relative ease of access to sources of proof heavily favors transfer.................13

    E.    The Northern District of California has a significantly greater interest in this dispute. ......................................................................13

    F.    The remaining factors are neutral. .......................................................15

V.    CONCLUSION...................................................................................................15

## **TABLE OF AUTHORITIES**

Page(s)

<u>Cases</u>

*Acceleron, LLC v. Egenera, Inc.*
    634 F. Supp.2d 758 (2009) ...................................................................................14

*In re Apple*
    979 F.3d at 1332 (Fed. Cir. 2020)..........................................................13, 14, 15

*In re Apple, Inc.*
    581 Fed. Appx. 886 (Fed. Cir. 2014) ...................................................................11

*Deep Green Wireless LLC v. Ooma Inc.*
    2017 WL 679643 (E.D. Tex, Feb. 20, 2017) ............................................4, 5, 6, 7, 9

*Farmobile LLC v. Farmers Edge Inc.*
    No. 2:21-CV-00411-JRG, 2022 WL 2653893 (E.D. Tex. July 7, 2022)................................15

*FatPipe, Inc. v. Talari Networks, Inc.*
    No. 6-15-cv-458 (E.D. Tex. Feb. 1, 2016)....................................................................8

*Fifth Generation Computer Corp. v IBM Corp.,*
    No. 9:08-CV-205, 2009 WL 398783 (E.D. Tex. Feb. 17, 2009)............................................13

*In re Genentech, Inc.*
    566 F.3d 1338 (Fed. Cir. 2009)...........................................................6, 11, 13, 14, 15

*Glob. Equity Mgmt. (SA) Pty. Ltd. v. Alibaba.com, Inc.*
    2017 WL 1109865 (E.D. Tex. Mar. 24, 2017) ......................................................15

*In re Horseshoe Entm't*
    337 F.3d 429 (5th Cir. 2003) ..................................................................................4

*In re HP*
    2018 WL 4692486 (Fed. Cir. 2018)........................................................................9

*Lifestyle Sols., Inc. v. Abbyson Living LLC*
    2017 WL 5257006 (E.D. Tex. Nov. 10, 2017) ...............................................11, 12

*Lone Star Silicon Inn. LLC v Micron Tech., Inc.*
    No. 2:16-CV-01116, 2017 WL 10221621, at *2 (E.D. Tex. Aug. 24, 2017) .................4, 9, 12

*Network Prot. Scis., LLC v. Juniper Networks, Inc.*
    No. 2:10-cv-224-JRG, 2012 WL 194382 (E.D. Tex. Jan. 23, 2012).......................................12

*Oyster Optics, LLC v. Coriant Am. Inc.*
    No. 2:16-CV-1302, 2017 WL 4225202 (E.D. Tex. Sept. 22, 2017)..........................................4

*Portal Techs. LLC v. Yahoo! Inc.*
  No. 2:11-cv-440-JRG, 2012 WL 3242205 (E.D. Tex. Aug 7, 2012) ...................................7, 9

*In re TS Tech USA Corp.*
  551 F.3d 1315 (2008)...............................................................................................................14

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*
  No. 6:09-CV-448-JDL, 2010 WL 2771842 (E.D. Tex. July 13, 2010)...................................5

*Unicorn Energy GMBH v. Tesla, Inc.*
  No. 2:20-CV-00338-JRG, 2021 WL 4034515 (E.D. Tex. Sept. 3, 2021) ........................11, 12

*In re Volkswagen AG*
  371 F.3d 201 (5th Cir. 2004) ...........................................................................................4, 5, 9

*In re Volkswagen of America, Inc.*
  545 F.3d 304 (5th Cir. 2008)  .......................................................................................4, 5, 14

Statutes

28 U.S.C. § 1338.............................................................................................................................5

35 U.S.C. § 101 .............................................................................................................................2

35 U.S.C. § l400(b).........................................................................................................................5

35 U.S.C. § 1404(a) ...............................................................................................................1, 4, 5

Defendants Oracle Corporation and Oracle America, Inc. ("Oracle") respectfully move to transfer this case to the U.S. District Court for the Northern District of California, pursuant to 35 U.S.C. § 1404(a).

## I.    INTRODUCTION

This case should be transferred to the Northern District of California because both the public and private factors strongly support transfer. The majority of the Accused Products were developed, maintained, updated or managed from Northern California. Almost half of the identified potential witnesses are located in Northern California with none located in this District. Four identified third-party witnesses are also located in California, with two being located in the Northern District of California. Source code and related documents are in Northern California. The asserted patents were prosecuted by attorneys in California. Nothing in this case is tied to the Eastern District of Texas except that the asserted patents were assigned to Plaintiff Competitive Access Systems, Inc. ("CAS"), which is registered in Wylie, Texas but lists its location as "near Dallas and Denver" on its website. CAS's initial disclosures only identify a single potential witness, named inventor Eric Delangis, but does not even indicate that he resides in Texas, let alone the Eastern District of Texas.  Additionally, CAS's early documents and purported evidence of conception indicate all relevant activities occurred in Longmont, Colorado, where Mr. Delangis apparently lived at the time.

CAS's ephemeral presence serves no purpose other than to create the appearance of a foothold in Texas. Under the relevant transfer factors and analysis, the Court should transfer this case to the Northern District of California for at least the following reasons.

***First***, the Northern District of California is clearly more convenient for both party and non-party witnesses. More than half of the relevant party and non-party witnesses live or work in California. The Northern District of California is over 1,800 miles closer to those witnesses than

the Eastern District of Texas. For the remaining witnesses (who are mostly located near Raleigh, North Carolina), the Northern District of California is also more convenient due to the availability of direct flights.

*Second*, Oracle has identified at least five third-party witnesses located in California with at least two being subject to the Northern District of California's absolute subpoena power, and is not aware of any located in this District. CAS has only identified a single witness in its disclosures, and that is Mr. Delangis.

*Third*, because many of the relevant party and non-party witnesses live and/or work in California, the ease of access to relevant documents and sources of proof also favors transfer to the Northern District of California. For example, source code for the Accused Products reside in the Northern District of California.

*Fourth*, the Northern District of California has a localized interest in the this case given Accused Products were developed there, source code is maintained there, and Oracle employs numerous employees there. In contrast, the Accused Products have no specific connection to the Eastern District of Texas, and instead are only offered for sale there, as they are throughout the United States.

## II.   BACKGROUND

### A.   Procedural History

On July 27, 2022, CAS filed suit in this District alleging Oracle infringes three patents: U.S. Patent Nos. 8,228,801, 9,350,649, and 10,868,908 (the "Asserted Patents"). On October 4, 2022, Oracle filed a Motion to Dismiss the '649 patent based on the asserted claims being directed to ineligible subject matter under 35 U.S.C. §101, and the '908 patent based on CAS's failure to

sufficiently plead direct infringement. That motion is still pending. Initial disclosures have been exchanged and the claim construction hearing is not until September 2023.

### B.     Relevant Facts

CAS states it is a "technology and products development company." CAS was first incorporated in Loveland, Colorado in 1997 and later incorporated in Wylie, Texas on December 26, 2017. CAS's website touts involvement in security solutions, routers, and showers. Ex. A. Specifically, CAS's website indicates it "is the developer of the OodleNet routing technology." *Id.* The "OodleNet" link on CAS's website leads to Oodlenetworks.com, which lists its location at an address in Florida. Ex. B. Oodle Networks, LLC was a Florida Limited Liability Company, with Mr. Delangis as its agent, until September 2022, at which point it became inactive. Ex. C. Mr. Delangis is the sole named inventor for each of the Asserted Patents. The Asserted Patents issued in 2012, 2016, and 2020 respectively, but were not assigned to CAS until May 13, 2021. Ex. D at 1-3. CAS does not contend that it has ever practiced its own patents and, according to its infringement contentions, appears to be a non-practicing entity. Compl. ¶24; Ex. E at 6.

CAS accuses Oracle's SD-WAN Products and Oracle's MPTCP Products (the "Accused Products") of infringing the Asserted Patents. Compl. ¶11. Oracle's MPTCP Products include Oracle Solaris and Oracle Linux products. *Id.* Sun Microsystems, Inc. was the original developer of Solaris until it was acquired by Oracle in 2010. Banman Decl. ¶4. Oracle Solaris is currently in limited development meaning Oracle only provides limited production updates and maintenance, but is not developing new features or functionality for Oracle Solaris. Banman Decl. ¶5. Oracle's Linux products are open-source distributions of Linux. Oracle's SD-WAN Products include its Talari Appliances, which Oracle acquired from Talari Networks.

Oracle Corporation was headquartered in Redwood Shores, California until December 2020. Banman Decl. ¶3. Oracle America remains headquartered in Redwood Shores. Ex. F. Both Oracle Corporation and Oracle America still utilize the same Redwood Shores campus.

## III.   LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought." Motions to transfer venue should be given "top priority." *Deep Green Wireless LLC v. Ooma Inc.*, 2017 WL 679643, at *1-2 (E.D. Tex, Feb. 20, 2017) (quoting *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003)). The purpose of Section 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Oyster Optics, LLC v. Coriant Am. Inc.*, No. 2:16-CV-1302, 2017 WL 4225202, at *4 (E.D. Tex. Sept. 22, 2017). The court "should" transfer the case when another venue "is clearly more convenient than the plaintiff's chosen venue," "[r]egardless of whether the plaintiff's chosen venue is proper." *Lone Star Silicon Inn. LLC v Micron Tech., Inc.*, No. 2:16-CV-01116, 2017 WL 10221621, at *2 (E.D. Tex. Aug. 24, 2017) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*)).

First, to be eligible for transfer under 28 U.S.C. § 1404(a), courts must analyze "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Upon a determination that this threshold is met, courts consider private and public interest factors. *Id.* The private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Volkswagen of Am.*, 545 F.3d at 315. The public interest factors include: "(1) the

administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." *Id*. No single factor is dispositive and "[t]he plaintiff's choice of venue is not a factor in this analysis." *Deep Green Wireless*, 2017 WL 679643, at *1-2.

## IV.    ARGUMENT

This case should be transferred to the Northern District of California as multiple public and private interest factors strongly weigh in favor of transfer, while the remaining factors are neutral.

### A.    This case could have been brought in the Northern District of California.

The initial determination to be made under §1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 317 F.3d at 203. That threshold is met here because the Northern District of California has both subject matter jurisdiction and personal jurisdiction. First, federal courts have subject matter jurisdiction in actions alleging patent infringement. 28 U.S.C. § 1338. Second, Oracle Corporation and Oracle America have continuous and systematic contacts with the Northern District of California. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-CV-448-JDL, 2010 WL 2771842, at *5 (E.D. Tex. July 13, 2010) (finding "California's long arm statute is coextensive with the limits of due process" and [d]ue process requires that a non-resident defendant have certain "minimum contacts" with the forum state; and that "'general jurisdiction' exists when the defendant's contacts with the forum state are 'continuous and systematic.'"). For example, Oracle has a regular and established place of business in the transferee district – the Northern District of California. 35 U.S.C. § l400(b). In fact, Oracle America is headquartered in Redwood Shores and thus resides there; and until the end of 2020, Oracle Corporation was headquartered and thus resided in Redwood Shores, California. Oracle continues to maintain the Redwood Shores campus as a

regular and established place of business. Banman Decl. ¶3. Additionally, several of the Accused

Products were developed in the Bay Area.[1] *Id*. at ¶¶4, 7, and 13-19.

    As such, this case could have been brought in the Northern District of California.

### B.    The cost of attendance for willing witnesses heavily favors transfer.

    "The convenience of the witnesses is probably the single most important factor in a transfer

analysis." *Deep Green Wireless*, 2017 WL 679643, at *4 (quoting *In re Genentech, Inc.*, 566 F.3d

1338, 1342 (Fed. Cir. 2009)). Here, most of the likely witnesses having relevant, material, and/or

non-duplicative information related to the accused MPTCP products are located in the Northern

District of California. Oracle has identified the following party witnesses with specific knowledge

regarding the accused Solaris products (Banman Decl. ¶¶4-9, 14):

| Name and Location | Title | Relevancy |
| --- | --- | --- |
| Thirumalai Srinivasan (San Jose, CA) | • Senior Principal Software Engineer for Solaris | Mr. Srinivasan has knowledge of the core networking stack for Oracle Solaris, which is relevant to any multipath TCP functionality. |
| Rao Shoaib (Sunnyvale, CA) | • Consulting Member of Technical Staff for Database and Virtual Operating Systems • Senior Principal Engineer for Oracle Linux Kernel Networking (2016-22) • Senior Principal Engineer, Core Solaris Networking Engineering (2013-16) | Mr. Shoaib has knowledge of the core networking stack of Linux and Solaris. He also has knowledge of attempts to implement multipath TCP for Linux generally. |

    Oracle has also identified the following party witnesses with specific knowledge regarding

the accused Linux products (Banman Decl. ¶¶11-18):

| Name and Location | Title | Relevancy |
| --- | --- | --- |
| Rao Shoaib (Sunnyvale, CA) | • (described above) | Mr. Shoaib has knowledge of the core networking stack of Linux and |

---

[1]    Oracle acquired Sun Microsystems, Inc., which originally developed Solaris. Like Oracle, Sun was a major technology company headquartered in Silicon Valley.  Banman Decl. ¶4.

| | | Solaris.  He also has knowledge of attempts to implement multipath TCP for Linux generally. |
|---|---|---|
| Andrew Thomas (San Francisco Bay Area, CA) | • Network Architecture Engineer for Oracle Linux | Mr. Thomas has knowledge of the core networking stack included in Oracle's Linux products, which is relevant to any multipath TCP functionality and wireless networking functionality. |
| Greg Marsden (San Francisco, CA) | • Senior Vice President of Software Development for Oracle Linux | Mr. Marsden is familiar with the development of Oracle Linux and its kernel. |
| Honglin Su (San Francisco Bay Area, CA) | • Vice President of Product Management for Oracle Linux and Virtualization (2022-Present) • Senior Director of Product Management for Oracle Linux and Virtualization (2014-22) | Mr. Su has information regarding outbound product management of Oracle Linux, sales channels for Oracle Linux, and support offerings for Oracle Linux. |
| Parnian Taidi (Cupertino, CA) | • Product Marketing Director for Oracle Linux (2019-Present) • Senior Product Marketing Manager for Linux and Virtualization (2017-19) | Ms. Taidi has knowledge regarding the marketing of Oracle Linux. |

Each of the six party witnesses in the above charts are located in the Northern District of California. As emphasized in *Deep Green Wireless*, "[t]he inconvenience to witnesses increases with the additional distance to be traveled, including additional travel time with overnight stays, an increased probability of meal and lodging expenses, and time away from their regular employment." 2017 WL 679643, at *4 (citing *Portal Techs. LLC v. Yahoo! Inc.*, No. 2:11-cv-440-JRG, 2012 WL 3242205, at *4 (E.D. Tex. Aug. 7, 2012)). If this case were transferred, none of these witnesses would need to travel out of the district for trial. Conversely, Marshall, Texas is approximately 1,800 miles from Redwood Shores, California. As such, all of these witnesses

would need to travel by plane, have at least one if not multiple overnight stays, with significant expenses and time away from their families and work at Oracle if this case is not transferred.

Additionally, the Northern District of California is more convenient for the remaining potential party witnesses located outside the Northern District of California. All except one[2] of these likely party witnesses with knowledge related to the Talari products are located in North Carolina, where the Talari products were designed and developed. Groff Decl. ¶¶3-11. In fact, when Talari was sued in this District prior to its acquisition by Oracle, Judge Schroeder found the Eastern District of North Carolina was more convenient than this District. *FatPipe, Inc. v. Talari Networks, Inc.*, No. 6-15-cv-458 (E.D. Tex. Feb. 1, 2016) (slip op.).

Oracle has identified the following party witnesses located in the Eastern District of North Carolina with specific knowledge regarding the accused Talari/SD-WAN products:

| Name | Title | Relevancy |
|---|---|---|
| Robert Groff (Raleigh, NC) | • Senior Manager for Software Development | Mr. Groff has been involved with the development of the SD-WAN/Talari products since Talari Networks was acquired by Oracle. Mr. Groff is knowledgeable on the location and maintenance of source code. |
| John Dickey (Raleigh-Durham, NC) | • Strategic Advisor, CGBU Strategy and Technology Office<br>• Former CTO, COO, President, head of engineering and co-founder of Talari Networks, Inc. | Mr. Dickey has knowledge of the core technology of the Talari products, the development of the accused products, and the Talari business generally prior to and through the Oracle acquisition and integration. |
| Sonia Rovner (Carrboro, NC) | • Software Engineer<br>• Former Talari Employee since 2011 | Ms. Rovner has knowledge of the source code that powers the Talari products, and is knowledgeable on |

---

[2]    Salley Graves is Vice President of Product Management since 2020 and has knowledge of the product roadmap, plans, and functionality of the SD-WAN/Talari products.

| | | the development of the accused Talari products. |
|---|---|---|
| Wei Huang (Cary, NC) | • Software Engineer<br>• Former Talari Employee since 2009 | Ms. Huang has knowledge of the source code that powers the Talari products, and is knowledgeable on the development of the accused products, including the dynamic conduit feature. |

It is well established in this District that the presence of witnesses outside the transferor and transferee forums does not alter the convenience analysis (*In re HP*, 2018 WL 4692486, at *3 (Fed. Cir. 2018)), especially when such witnesses would be required to travel a significant distance regardless of the chosen venue. *Lone Star*, 2017 WL 10221621, at *3. Such is the case here. Also, the Northern District of California is more convenient for the remaining six witnesses than the Eastern District of Texas due to the availability of direct flights to the Northern District of California.[3] Ex. G at 1; *In re Volkswagen AG*, 371 F.3d at 205 (noting the lack of direct flights required additional travel time.) "[A]dditional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Portal Techs.,* 2012 WL 3242205, at *4 (quoting *In re Volkswagen AG,* 371 F.3d at 201).

With respect to relevant third-party witnesses, Oracle has identified two located in the Northern District of California.  First, Liliana Villanueva is a former Oracle employee that was the Director for Sales Enablement for Open Hybrid Cloud Software (including Linux) from 2018 until September 2022. Banman Decl. ¶19. She is located in the San Francisco Bay Area. *Id.* Second, Cisco Systems, Inc., headquartered in San Jose, California, is the owner and developer of prior art

---

[3]    There are no direct flights from Raleigh, NC to Marshall, TX or Shreveport, LA (which is the closest city to Marshall for travel purposes). Ex. G at 2-6. Conversely, there are direct flights from Raleigh, NC to San Francisco, CA. Ex. G at 1.

systems that include Cisco's Multilink PPP features. Third, Michael McEntee and Harold Clayton

McGurk, the patent prosecution attorneys for the Asserted Patents, are third-party witnesses

located in Redondo Beach, California and Orange, California respectively. Exs. H and I. Finally,

Dave Held was CAS's Vice President of Software Engineering and likely has knowledge with

respect to conception and reduction to practice, as well as the attempts to commercialize the

Asserted Patents. Mr. Held is located in Redondo Beach, California. Ex. J. While outside the

Northern District of California, the Northern District of California would be significantly closer

and convenient for Mr. McEntee, Mr. McGurk, and Mr. Held. The chart below lists the likely

third-party witnesses identified thus far.

| Name | Title | Relevancy |
|---|---|---|
| Liliana Villanueva (San Francisco Bay Area, CA) | • Former Director for Sales Enablement for Open Hybrid Cloud Software (including Linux) (2018-22) | Ms. Villanueva created marketing materials for the Linux sales team. |
| Dave Held (Redondo Beach, CA) | • Vice President, Software Engineering, Competitive Access Systems | Conception/reduction to practice; attempts to commercialize the asserted patents. |
| Michael McEntee (Huntington Beach, CA) | • Patent prosecution attorney | Prosecution of the applications resulting in issuance of the asserted patents; has copies of sales presentations; prior art. |
| Harold Clayton McGurk (Orange, CA) | • Patent prosecution attorney | Prosecution of the applications resulting in issuance of the asserted patents; prior art. |
| Cisco Systems, Inc. (San Jose, CA) | • Prior artisan | Prior art to the asserted patents. |

Oracle is not aware of any party or non-party witnesses located in the Eastern District of

Texas, nor has CAS identified any. Banman Decl. 16¶; Groff Decl. ¶10. Named inventor Eric

Delangis' whereabouts are not known – the address registered to CAS and the address listed  in

the Complaint being two different residences, neither of which appear to be owned by Delangis.[4] Compl. ¶1; Exs. K and L.

For all of the aforementioned reasons, the inconvenience of this forum and the cost of attendance for willing witnesses strongly favors transfer. *See e.g.*, *Lifestyle Sols., Inc. v. Abbyson Living LLC*, 2017 WL 5257006, at *4 (E.D. Tex. Nov. 10, 2017).

### C.   The availability of compulsory process to secure the attendance of witnesses heavily favors transfer.

The availability of compulsory process "will weigh heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 Fed. Appx. 886, 889 (Fed. Cir. 2014), citing *Genentech*, 566 F.3d at 1345. As set forth above, Oracle has identified at least two third-party witnesses located in the Northern District of California, another three located in Southern California, and is not aware of any located in this District.

Federal Rule of Civil Procedure 45 specifies that a district court has absolute power to compel attendance of a trial, hearing, or deposition by a witness "within 100 miles of where the person resides, is employed, or regularly transacts business in person." *Unicorn Energy GMBH v. Tesla, Inc.*, No. 2:20-CV-00338-JRG, 2021 WL 4034515, at *2 (E.D. Tex. Sept. 3, 2021) (citing Fed. R. Civ. P. 45(c)(1)(A)). Oracle has identified Cisco Systems, Inc. (and its employees and former employees) as a likely prior-art source that resides in the Northern District of California. Without a transfer, Cisco is unlikely to provide trial testimony as it is outside the subpoena power of this Court. Similarly, Oracle has already identified at least one former Oracle employee that resides in the Northern District of California and would therefore also be outside this Court's

---

[4]   CAS's business address is registered as 3026 Francesca Drive, Wylie, TX; while CAS lists 3019 Charles Drive, Wylie, TX as its principal place of business in the Complaint.

subpoena power. As this case proceeds, the risk of party witnesses becoming non-party witnesses increases and the number of third-party witnesses may increase.

Additionally, former CAS key employee Mr. Held, as well as the prosecuting attorneys for the Asserted Patents, Mr. McEntee and Mr. McGurk, are located in California. Federal district courts have trial subpoena power over a person "within the state where the person resides, is employed, or regularly transacts business in person, if the person ... is a party or a party's officer; or...[if the person] is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B); *Unicorn Energy*, 2021 WL 4034515, at *2. CAS's early documents identified Mr. Held as one of its key personnel, and he likely has information regarding early attempts to commercialize the Asserted Patents. Mr. McEntee and Mr. McGurk likely have information relevant to the alleged invention, prior art, reduction to practice, and prosecution of the Asserted Patents. All three witnesses would be subject to the court's trial subpoena power in the Northern District of California, but not in this District.

"A venue that has 'absolute subpoena power for both deposition and trial' is favored over one that does not." *Network Prot. Scis., LLC v. Juniper Networks, Inc.*, Civ. A. No. 2:10-cv-224-JRG, 2012 WL 194382, at *5 (E.D. Tex. Jan. 23, 2012) (granting transfer to the Northern District of California). Similar to the transferee district in *Lifestyle Solutions*, the Northern District of California "has absolute subpoena power" over at least eight combined party and non-party witnesses, and "[t]he same cannot be said for this District, which weighs this factor in favor of transfer." 2017 WL 5257006, at *4; *see also Lone Star*, 2017 WL 10221621, at *2 (finding this factor weighed in favor of transfer where there were a "number of witnesses within the subpoena power of the Northern District of California and few, if any, identified third-party witnesses who can be compelled to appear in the Eastern District of Texas.").

-12-

**D.     The relative ease of access to sources of proof heavily favors transfer.**

As the Federal Circuit has noted previously, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *Genentech*, 566 F.3d at 1345)). Source code for Oracle's released products is maintained by Oracle's manufacturing team based in Redwood Shores, California. Groff Decl. ¶4. As such, Oracle's source code is maintained in the Northern District of California and will be made available for inspection in the Northern District of California. *Id.*

Additionally, the bulk of other discovery material related to the accused Oracle products is electronic and can easily be accessed from the Redwood Shores campus in the Northern District of California, or another Oracle location, but are more difficult to access from non-Oracle systems. Groff Decl. ¶3. For example, design and development documents, product manuals, financial documents, and the personal files of those involved in the design and development of the accused Oracle products are most likely located online. However, the source code is maintained in the Northern District of California. *Id.* at ¶4.

Accordingly, because many of the relevant documents and materials are located in the Northern  District of California, and none are known to exist in this District, this factor weighs in favor of  transfer. *See, e.g.*, *Fifth Generation Computer Corp. v IBM Corp.*, No. 9:08-CV-205, 2009 WL 398783, at *4. (E.D. Tex. Feb. 17, 2009.)

**E.     The Northern District of California has a significantly greater interest in this dispute.**

In an attempt to draw a connection between this District and Oracle, CAS alleges Oracle "ships, distributes, makes, uses, offers for sale, sells, imports, and/or advertises its products and services in the United States and in this District." Compl. ¶5.  But, the same would be true for

nearly any judicial district in the United States. In contrast to the minimal interest of this District, the Northern District of California has a substantial interest in this dispute because it involves the local activities of Oracle, a company that is a major employer in Northern California.

While CAS points to Oracle's acquisition of Federos LLC, located in Frisco, Texas, to support its choice of venue, the Accused Products have nothing to do with Federos. Banman Decl. ¶20; Groff Decl. ¶11. "[L]ocal interests that 'could apply virtually to any judicial district or division in the United States' are disregarded in favor of particularized local interests." *Acceleron, LLC v. Egenera, Inc.,* 634 F. Supp.2d 758, 767 (2009)  (quoting *Volkswagen of Am.*, 545 F.3d at 318); *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) (finding that where the allegedly infringing products are sold throughout the United States, "the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue."). There is no connection between the Federos acquisition and the Accused Products because the Accused Products predate the acquisition, and no Federos technology has been incorporated into the Accused Products. *See* Banman Decl. ¶¶ 4 and 15; Groff Decl. ¶4. *See Genentech*, 566 F.3d at 1346 (finding that it was clear error for the district court to weigh a defendant's connection with the forum against transfer when that connection does not involve "the same parties, witnesses, evidence, and facts"). The citizens of the Eastern District of Texas have no meaningful connection to this case and any general interest cannot outweigh the substantial local interest of the Northern District of California. *In re Apple Inc.*, 979 F.3d at 1345 (finding "[t]he district court also misapplied the law to the facts by failing to give weight to the significant connections between [NDCA] and the events that gave rise to a suit") (internal quotations omitted).

Additionally, the Northern District of California has specific, localized interest in this dispute as the majority of the Accused Products were developed, maintained, updated or managed

from Northern California. Moreover, the source code for the Accused Products is maintained in the Northern California. Groff Decl. ¶4; *Farmobile LLC v. Farmers Edge Inc.*, No. 2:21-CV-00411-JRG, 2022 WL 2653893, at *6 (E.D. Tex. July 7, 2022) (Localized interest favored transfer where "at least some of the source code for the Accused Products was developed" in the transferee district.) As such, this factor weighs in favor of transfer.

> ### F.     The remaining factors are neutral.

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *Genentech*, 566 F.3d at 1347. This factor is neutral here. In that regard, recent statistics demonstrate that the median time to trial on the merits is 31.4 months in the Northern District of California, compared to 27.8 months in the Eastern District of Texas. Ex. M. The anticipated time to trial does not, therefore, substantially favor one jurisdiction over the other. Moreover, "when, as here, several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *Genentech*, 566 F.3d at 1347; *see also In re Apple Inc.*, 979 F.3d at 1343-44 ("NDCA has historically had a shorter time to trial for patent cases.").

Both the Northern District of California and this District are equally "capable of applying patent law to infringement claims." *Glob. Equity Mgmt. (SA) Pty. Ltd. v. Alibaba.com, Inc.*, 2017 WL 1109865, at *3 (E.D. Tex. Mar. 24, 2017). As such, this factor is neutral. *Id.*

Finally, there are no conflict of law issues implicated by transfer as there is no state law claim in this case so this factor is neutral. *Id*.

## V.     CONCLUSION

Since both the private and public interest factors clearly favor transfer, Oracle respectfully request that this Court grant its Motion and transfer this case to the Northern District of California, or in the alternative, the Eastern District of North Carolina.

Respectfully submitted,

Dated:  December 29, 2022          By _____*/s/ Harper S. Batts*_____
                                       Harper S. Batts (CA #242603)
                                       hbatts@sheppardmullin.com
                                       Christopher Ponder (TX #24065916)
                                       cponder@sheppardmullin.com
                                       SHEPPARD, MULLIN,
                                       RICHTER & HAMPTON LLP
                                       1540 El Camino Real, Suite 120
                                       Menlo Park, California 94025-4111
                                       Tel.:  650.815.2600
                                       Fax:  650.815.2601

                                       Deron R. Dacus (TX #00790553)
                                       ddacus@dacusfirm.com
                                       THE DACUS FIRM, P.C.
                                       821 ESE Loop 323, Suite 430
                                       Tyler, TX 75701
                                       Tel.: 903.705.1117
                                       Fax: 903.581.2543

                                       *Attorneys for Defendants*
                                       *Oracle Corporation and Oracle America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 29, 2022, a true and correct copy of the foregoing was served on all counsel of record who have appeared in this case via the Court's CM/ECF system pursuant to Local Rule CV-5.

<em>/s/  Christopher Ponder</em><br>Christopher Ponder

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies pursuant to Local Rules CV-7(h), that the relief requested in this motion is opposed. I conferred with Plaintiff's lead counsel James Shimota by telephone on December 20, 2022, and the parties could not agree to transfer this case to another district.

<em>/s/  Harper S. Batts</em><br>Harper S. Batts